UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | Cr. No. | Case: 3:21−cr−20328<br>Assigned To : Cleland, Robert H.<br>Referral Judge: Grand, David R. |
| Plaintiff, | Honorable | Assign. Date : 5/18/2021 |
| v. | | Description: INFO USA v. KHAN |
| | Violation: | (8) U.S.C. § 1343<br>Wire Fraud |
| D-1  AZAD KHAN, | | |
| Defendant | | |

# INFORMATION

*THE UNITED STATES ATTORNEY CHARGES*:

**D-1,  AZAD KHAN**

## GENERAL ALLEGATIONS

1. During the approximate time-period from June 2015 through October 2017, defendant AZAD KHAN owned and operated the Meghna Bazar, a small grocery store located in Hamtramck, Michigan. During this time-period, Meghna Bazar was authorized to accept benefits for the Special Supplemental Nutrition Program (SNAP).

2. Retailers participating in SNAP were advised that program regulations required that benefits could only be used by recipients to purchase eligible food items and not to obtain cash or unauthorized items. In Michigan, SNAP benefits

1

were funded by the United States Department of Agriculture and administered by the Michigan Department of Health and Human Services (MDHHS).

3  As a participating food retailer in SNAP, the Meghna Bazar had a computerized electronic benefits terminal (EBT) on its premises to process electronic benefit transactions under SNAP.

4.  During the approximate time-period from June 2015 through October 2017, AZAD KHAN devised and engaged in a scheme to defraud the USDA and MDHHS by directly purchasing SNAP benefits from recipients in violation of program regulations. AZAD KHAN did this by exchanging benefits for cash at a discounted rate and by allowing recipients to use benefits to purchase ineligible items. The transactions were processed through an EBT at the Meghna Bazar, as though AZAD KHAN had sold eligible food items to the SNAP beneficiaries.

5.  Transactions were conducted by AZAD KHAN or by employees acting under his direction.

6.  Every SNAP transaction through the EBT at Meghna Bazar resulted in the transmission of electronic data, by wire in interstate commerce, between the Meghna Bazar terminal in the Eastern District of Michigan and SNAP servers located outside of the state of Michigan.

7.     During the above period, AZAD KHAN and employees acting under his direction unlawfully obtained approximately $127,040.00 in SNAP benefits

### COUNT ONE
### 18 U.S.C. § 1343
### Wire Fraud

**D-1  AZAD  KHAN,**

8.     The General Allegations are included in this Count.

9.     Beginning in June 2015 and continuing through October 2017, said time-period being approximate, in the Eastern District of Michigan, defendant AZAD KHAN knowingly devised and executed a scheme to defraud the Supplemental Nutrition Program (SNAP) and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and transmitted in interstate commerce, and caused to be transmitted in interstate commerce, certain, writings, signs, signals, for the purpose of executing the scheme to defraud.

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATIONS
### 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)
### Criminal Forfeiture

10.     The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

11. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count One of this Information, the defendant, AZAD KHAN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The United States intends to seek a forfeiture money judgment in this case.

12. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

SAIMA S. MOHSIN  
Acting United States Attorney

*s/ Stanley J. Janice*  
Stanley J. Janice  
Assistant United States Attorney  
211 W. Fort St., Suite 2001  
Detroit, MI  48226  
(313) 226-9740  
lee.janice@usdoj.gov

Dated: May 18, 2021