UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                    Plaintiff,

vs.

Azad Khan,

                    Defendant.

Case No. 21-20328

Honorable Robert H. Cleland

---

**Stipulated Order of Forfeiture**

---

The United States of America, by and through Adriana Dydell, Assistant United States Attorney, and Defendant Azad Khan ("Defendant"), by and through his attorney, Raymond J. Salloum, submit this Stipulated Order of Forfeiture to the Court for entry. Defense counsel has reviewed this stipulation with defendant who concurs in its entry.

On May 18, 2021, the United States filed an Information against Defendant. (ECF No. 1). The Information charges Defendant with Count One, Wire Fraud in violation of 18 U.S.C. § 1343.

The Information contains a Criminal Forfeiture Allegation, which provides notice that upon conviction of the crime charged in Count One of the Information, the Defendant shall forfeit to the United States any

1

property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The Forfeiture Allegation states that the United States intends to seek a forfeiture money judgment in this case. (ECF No. 1, PageID.3-5).

On or about December 2, 2021, Defendant pleaded guilty to Count 1 of the Information, under a Rule 11 Plea Agreement ("Rule 11"). (ECF No. 12). In his Rule 11, Defendant agreed that beginning in or about September 2015 and continuing through in or about October 2017, Defendant purchased Supplemental Nutrition Assistance Program (SNAP) benefits from SNAP recipients in violation of program regulations. (*Id.* at PageID.28-29). Defendant acknowledged that he did this by giving SNAP beneficiaries cash, and/or non-eligible food items for their SNAP benefits, and then obtained 100% of their value from the United States Department of Agriculture Food and Nutrition Services Agency by processing the transactions as though Defendant had sold eligible food items to the SNAP beneficiaries. (*Id.* at 29). Defendant agreed that the fraudulent transactions amounted to $127,040. (*Id.* at 30).

In the forfeiture section of the Rule 11, Defendant agreed to entry of a forfeiture money judgment in the amount of $127,040. (*Id.* at PageID.33). Defendant agreed that this amount represents the value of criminal proceeds

2

that he obtained as a result of his violation of Count One of the Information. (*Id.*). Defendant agreed to stipulate to and not oppose the entry of a Preliminary Order of Forfeiture regarding the forfeiture money judgment. (*Id.*).

Defendant also agreed in his Rule 11, that the forfeiture money judgment may be satisfied with substitute assets under 21 U.S.C. § 853(p)(2). (*Id.*) Defendant waived any rights he may have to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1), or otherwise. (*Id.*)

The Defendant's counsel, Raymond J. Salloum, affirms that he has discussed the agreed upon forfeiture with the Defendant and that the Defendant consents to the entry of the Stipulated Order of Forfeiture.

Based on the Information, the Defendant's guilty plea, the Rule 11, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), **THIS COURT ORDERS** that,

1. A forfeiture money judgment in the amount $127,040 is GRANTED and ENTERED against Defendant Azad Khan in favor of the United States of America.

2. To satisfy the money judgment, any assets that Defendant has now, or may later acquire may be forfeited as substitute assets

under 21 U.S.C. § 853(p)(2).

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Order of Forfeiture shall become final as to Defendant at entry and shall be made part of the Defendant's sentence in this case and included in Defendant's Judgment. The forfeiture in this case shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

4. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

[*This section intentionally left blank*.]

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

s/ADRIANA DYDELL          s/RAYMOND SALLOUM (see attached)
ADRIANA DYDELL            RAYMOND SALLOUM
U.S. Attorney's Office          Attorney for Defendant
211 W. Fort Street, Ste. 2001    40700 Woodward Avenue, Suite 305
Detroit, MI 48226            Bloomfield Hills, MI 48304
(313) 226-9125              (248) 594-4800
adriana.dydell@usdoj.gov      salloumlaw@comcast.net
(CA Bar No. 239516)         (P-36852)

Dated: June 2, 2022          Dated: June 2, 2022


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**


**s/Robert H. Cleland**

Dated: 6/3/2022        Honorable Robert H. Cleland United States
District Judge

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

_____
ADRIANA DYDELL
U.S. Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
(CA Bar No. 239516)

Dated: June ___, 2022

RAYMOND SALLOUM
Attorney for Defendant
40700 Woodward Avenue, Suite 305
Bloomfield Hills, MI 48304
(248) 594-4800
salloumlaw@comcast.net
(P-36852)

Dated: June ___, 2022

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable Robert H. Cleland
United States District Judge

5

6